[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] STATEMENT RE: VERDICT
The court, after hearing the full trial of this matter and after hearing and considering the arguments of counsel and after deliberations among the three members of this panel, has decided upon a verdict.
While a three judge panel impaneled pursuant to Section 54-82
(b) of the Connecticut General Statutes may act by majority vote, the verdict of this panel, as well as the factual findings supporting the verdict, represents the unanimous verdict and findings of the three members of this court.
The Substitute Information in this matter charges the defendant, Kenya L. Best, in Count One with the crime of Murder inviolation of Section 53a-54a(a)of the Connecticut General Statutes and in Count Two with the crime of Capital Felony, in violation of Section 53a-54b(9) of the Connecticut General Statutes.
It has been stipulated to by the parties in this matter that the victim in this case, Mahkeva Best, was born on February 23, 1995. Accordingly, if this Court finds that the Defendant is guilty in Count One of the Substitute Information, the Court must find that the Defendant is guilty in Count Two of the Substitute Information by virtue of the age of the said victim, Mahkeva Best, a person under sixteen years of age.
Count One of the Substitute Information charges the defendant, Kenya L. Best, with the crime of Murder. It is specifically alleged that on or about the late afternoon hours of October 30, 1996 to the early morning hours of October 31, 1996, at or near 22 West Porter Street, Waterbury, Connecticut, with the intent to cause the death of another person; to wit: Mahkeva Best; she caused the death of Mahkeva Best by inflicting blunt trauma to the body of Mahkeva Best.
Proof of the crime of Murder requires proof beyond a reasonable doubt of two essential elements: First, that the defendant had the intent to cause the death of another person, in this case Mahkeva Best; and Second, that, acting with that intent, the defendant caused the death of Mahkeva Best.
The court finds that the evidence in this case establishes that on the date, time and place alleged in the Substitute Information, Kenya L. Best, with her two clenched fists, CT Page 8054 repeatedly and violently, struck the abdomen of Mahkeva Best, causing injuries to the said Mahkeva Best which ultimately resulted in the death of the said Mahkeva Best, a person under sixteen years of age.
The verdict of the Court in this matter then, turns upon the issue of whether the Defendant here possessed the necessary intent to cause the death of the victim. In order to sustain its burden of proof on this issue, the State must prove that the Defendant, Kenya L. Best, had the conscious objective to cause the death of her daughter. The Court must find this fact to be proven beyond a reasonable doubt in order to support a conviction of the charge of Murder in violation of Section 53a-54a(a) of the Connecticut General Statutes.
Proof beyond a reasonable doubt is proof which precludes every reasonable hypothesis other than the one that is consistent with guilt. The evidence in this case was insufficient to prove beyond a reasonable doubt that the defendant, Kenya L. Best, had the specific intent to cause her daughter' s death. Accordingly, the court finds the defendant not guilty of the charges as set forth in Count One and Count Two of the Substitute Information, Murder and Capital Felony Murder, respectively.
The court has considered whether the defendant is guilty of the lesser included offense of Manslaughter in the First Degree in violation of Section 53a-55 (a)(3) of the Connecticut General Statutes. That statute provides that a person is guilty of manslaughter in the first degree when, under circumstances evidencing an extreme indifference to human life, he or she recklessly engages in conduct that creates a grave risk of death to another person and thereby causes that death. All elements of Section 53a-55 (a)(3) of the Connecticut General Statutes have been proven beyond a reasonable doubt. Accordingly, the court finds the defendant, Kenya L. Best, guilty of manslaughter in the first degree in violation of Section 53a-55 (a)(3) of the Connecticut General Statutes.
Hon. Frank A. Iannotti, Presiding
Hon Christine S. Wertefeuille
Hon. Patrick L. Carrol III